JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
REID FLAMER

### DEFENDANTS
NCO FINANCIAL SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____ DOCKET NUMBER _____

Explanation:

**DATE**
01/21/2013

**SIGNATURE OF ATTORNEY OF RECORD**
/s/ CRAIG THOR KIMMEL

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| REID FLAMER | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. |
| NCO FINANCIAL SYSTEMS, INC. | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.           ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| 01/21/2013 | Craig Thor Kimmel | Plaintiff, Reid Flamer |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2925 SW 92nd St., Miami, FL 33165

Address of Defendant: 507 Prudential Rd., Horsham, PA 19044

Place of Accident, Incident or Transaction: _____
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY*:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 01/21/2013  /s/ Craig Thor Kimmel  57100
Attorney-at-Law  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/21/2013  /s/ Craig Thor Kimmel  57100
Attorney-at-Law  Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REID FLAMER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| NCO FINANCIAL SYSTEMS, INC., | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| | ) |
| Defendant | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

REID FLAMER ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has its corporate headquarters in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5. Plaintiff is a natural person residing in Miami, Florida 33165.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania 19044.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt.

11. The alleged debt at issue, a school loan, arose out of transactions, which were primarily for personal, family, or household purposes.

12. In its attempts to collect the underlying debt, Defendant began contacting Plaintiff on his cellular telephone seeking and demanding payment on a defaulted student loan.

13. Not wanting to receive collection calls and desiring to resolve this matter, Plaintiff entered into an agreement with Defendant, wherein he agreed to pay Defendant $200.00 per month on the outstanding debt.

14. Defendant agreed to this amount and informed Plaintiff that this amount was sufficient so that after twelve (12) consecutive monthly payments, Plaintiff's student loan would be taken out of default.

15. After making the agreement, Defendant began withdrawing $200.00 per month

PLAINTIFF'S COMPLAINT

from Plaintiff's bank account.

16. About three months into the repayment plan, Defendant contacted Plaintiff and demanded more money.

17. When Plaintiff was unable to pay a higher amount, Defendant proceeded to garnish Plaintiff's wages.

18. Defendant garnished Plaintiff's wages on three separate occasions, despite Plaintiff having made his monthly $200.00 payment.

19. Upon information and belief, Defendant deceived Plaintiff into agreeing to pay $200.00 per month with no intention of abiding by that agreement.

20. Additionally, in or around the beginning of September 2012, Plaintiff sent Defendant a written demand that it cease contact with him and to put the agreement in writing.

21. Defendant received Plaintiff's written demand to cease communications in September 2012.

22. Despite having received written instructions to cease communications with Plaintiff, Defendant continued to call Plaintiff about this debt.

23. Most recently, on October 13, 2012, at 8:15 a.m., Defendant contacted Plaintiff in its attempt to collect this debt.

24. Furthermore, Defendant has failed to send Plaintiff anything in writing to memorialize the agreement between the parties regarding repayment of the student loan.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

25. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(c).

    a. Section 1692c(c) of the FDCPA requires a debt collector to cease communication with a consumer if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer.

    b. Here, Defendant violated §1692c(c) of the FDCPA by continuing to contact Plaintiff about the underlying debt after it received written notification from Plaintiff to cease communication.

## COUNT II

26. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e and 1692e(4) of the FDCPA.

    a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

    b. A debt collector violates §1692e(4) of the FDCPA by falsely representing or implying that nonpayment of any debt will result in the garnishment of wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

    c. Here, Defendant violated §§1692e and 1692e(4) of the FDCPA by making false representations regarding a repayment agreement and garnishing Plaintiff's wages despite Plaintiff complying with the repayment Plaintiff.

## COUNT III

27. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692f and 1692f(1).

      a.    A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

      b.    A debt collector violates §1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

      c.    Here, Defendant violated §§1692f and 1692f(1) of the FDCPA by failing to honor the payment agreement that it made with Plaintiff, and collecting or attempting to collect an amount that was not permitted by that agreement.

WHEREFORE, Plaintiff, REED FLAMER, respectfully prays for a judgment as follows:

    a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, REID FLAMER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 01/21/2013                         By: */s/ Craig Thor Kimmel*
                                                           CRAIG THOR KIMMEL
                                                           Attorney ID No. 57100
                                                           Kimmel & Silverman, P.C.
                                                           30 E. Butler Pike
                                                           Ambler, PA 19002
                                                           Phone: (215) 540-8888
                                                           Fax: (877) 788-2864
                                                           Email:     kimmel@creditlaw.com